IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Juan Cruz, #24895-050, ) | |
| ) | Civil Action No. 3:07-1060-HFF-JRM |
| Petitioner, ) | |
| ) | |
| vs. ) | |
| ) | |
| ) | |
| John LaManna, Warden at FCI-Edgefield, ) | **REPORT AND RECOMMENDATION** |
| ) | |
| Respondent. ) | |
| ) | |

Petitioner, Juan Cruz ("Cruz"), is an inmate at FCI-Edgefield serving a sentence of 110 months imposed in the District of New Jersey for a drug conspiracy. He was formerly assigned to FCI-Schuylkill in Pennsylvania. Cruz filed a petition pursuant to 28 U.S.C. § 2241 on March 2, 2007, in the Middle District of Pennsylvania, challenging the result of a prison disciplinary hearing held at FCI-Schuylkill. The case was transferred to this district in April of 2007.[1] Respondent filed a motion to dismiss or, in the alternative, for summary judgment on August 7, 2007. It is supported by a Bureau of Prisons' (BOP) "Sentencing Monitoring Computation Data" (Ex. 1); Declaration of Tammie Rippon (Ex. 2); Discipline Hearing Officer ("DHO") Report (Ex. 3); Incident Report (Ex. 4); Notice of Discipline Hearing Before the DHO (Ex. 5); and Inmate Rights at Discipline Hearing notice (Ex. 6). Because Cruz is pro se, an order pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), was issued on August 9, 2007, explaining his responsibility in responding to the motion. Cruz filed his response on September 4, 2007. Respondent filed a reply on September 20, 2007.

---

[1]The case was automatically referred to the undersigned pursuant to the provisions of Local Rule 73.02 (B)(2)(c) and (e), DSC.

The events in question occurred on April 10, 2006, at FCI-Schuylkill and led to a disciplinary charge of "Escape from an Open Institution." According to the incident report prepared by Lt. Kovach:

> On April 10, 2006, at 1720H, a call was received from the local Emergency Communications Center (911). The dispatcher advised a call was received reporting two persons getting into a vehicle in the vicinity of the institution. A Bed Book Count identified Cruz as not being present. While conducting a search of the reservation an unidentified car was observed leaving the institution. At that time Cruz was observed walking toward the camp from the direction where the car was seen leaving.

(Ex. 4). A copy of the incident report was delivered to Cruz on April 11, 2006. The Unit Discipline Committee ("UDC") referred the matter to the DHO. (Id.). Cruz was given written notification of the hearing before the DHO. He declined staff representation and to have witnesses present. (Ex. 5). The hearing was held on May 1, 2006. The DHO considered the information in the incident report as well as memoranda submitted by three other correctional officers. Cruz's statement was that he "went for a walk to be alone and [he] didn't know that there was anyone back behind the warehouse building." (Ex. 3). The DHO concluded:

> The DHO believed the information provided by the staff members involved in this case, as they derived no known benefit by providing false information. The DHO finds the charge to be substantiated and supported. Both inmates were found in a restricted area outside of the camp perimeter with an unidentified vehicle in that same area which quickly departed. The greater weight of evidence support both inmates had left the institution grounds without authorization and attempted to re-enter the grounds undetected. In the interim period, both inmates were considered to have escaped from an "open institution" (camp).

An inmate is entitled to minimal due process in the prison disciplinary context. Wolff v. McDonnell, 418 U.S. 539 (1974). Cruz does not argue that he was denied these minimal due

process protections. Instead, he argues that there was insufficient evidence to find that he escaped from an open institution.

> (T)he requirements of due process are satisfied if some evidence supports the decision by prison disciplinary board to revoke good time credits. This standard is met if there was some evidence from which the conclusion of the administrative tribunal could be deduced...Ascertaining whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board.

Superintendent v. Hill, 472 U.S. 445, 455-56 (1985) (Internal citations and quotations omitted). Here, there is ample evidence to conclude that Cruz committed the violation. See Brown v. Patton, 2006 WL 1007470 (E.D.Ky.) (inmate found to have committed "escape from an open institution when he was absent for head counts and later reappeared").

Based on a review of the record, the undersigned finds that sufficient evidence was presented to find that Cruz committed the alleged violation.[2] It is, therefore, recommended that respondent's motion for summary judgment be granted, and the petition dismissed without an evidentiary hearing.

        Respectfully submitted,

        s/Joseph R. McCrorey
        United States Magistrate Judge

February 6, 2008
Columbia, South Carolina

**The parties' attention is directed to the important information on the attached notice.**

---

[2] Alternatively, it is recommended that the petition be dismissed for failure to exhaust administrative remedies. Cruz's appeal was rejected as untimely filed. (Ex. 2).

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).